PER CURIAM.
¶ 1 Mickale Alonso Hicks appeals a judgment of conviction for felony murder. Hicks argues that the circuit court erred in admitting other acts evidence, and that there was insufficient evidence to support his conviction. We reject these arguments and affirm.
BACKGROUND
¶ 2 Hicks was charged with felony murder, as a repeater and as party to a crime, after the victim, Joel Royster, was killed during an attempted armed robbery.[1] According to the criminal complaint, Hicks was involved in a plan to rob Royster of marijuana at gunpoint. Royster was shot and killed during a struggle over the gun.
¶ 3 Prior to trial, Hicks filed a motion to exclude other acts evidence. This other acts evidence included a video that was found on a phone in Hicks's possession. The video, which was recorded eight days before the murder, showed Hicks smoking marijuana, holding a gun and a gun magazine, and flashing gang signs, with rap music playing in the background. The circuit court permitted the State to introduce three still photographs excerpted from the video.
¶ 4 A jury found Hicks guilty of felony murder. Hicks appeals.
DISCUSSION
¶ 5 Hicks contends that the evidence is insufficient to support his conviction for felony murder. He also contends that the circuit court erred in admitting the still photographs excerpted from the video.
The Evidence Was Sufficient To Convict Hicks Of Felony Murder
¶ 6 Hicks was convicted of felony murder, as party to a crime, under WIS. STAT. § 940.03 (2015-16).[2] The felony murder statute provides as follows:
Whoever causes the death of another human being while committing or attempting to commit a crime specified in s. 940.19, 940.195, 940.20, 940.201, 940.203, 940.225(1) or (2)(a), 940.30, 940.31, 943.02, 943.10(2), 943.23(1g), or 943.32(2) may be imprisoned for not more than 15 years in excess of the maximum term of imprisonment provided by law for that crime or attempt.
Sec. 940.03. In turn, the party to a crime statute provides, "Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it." WIS. STAT. § 939.05(1). This statute extends liability to any person who "[i]ntentionally aids and abets the commission of" a crime or "[i]s a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit" the crime. Sec. 939.05(2)(b)-(c).
¶ 7 Here, the State alleged that Hicks was party to the crime of attempted armed robbery of Royster, in violation of WIS. STAT. § 943.32(2), and that Royster was killed during this attempted robbery. At trial, the State presented evidence that on the morning of the shooting, Hicks and two other men picked up Stefan Range, who was an acquaintance of Royster and had previously purchased marijuana from Royster. Hicks then dialed Royster's number and handed the phone to Range to set up a drug buy. Hicks proceeded to drive the vehicle with the three passengers to the designated location for the drug buy. Range and an unidentified passenger got into the back of Royster's car to conduct the buy. The unidentified passenger pulled out the gun and demanded marijuana. There was a struggle over the gun, and Royster was shot in the head. Range and the shooter ran back to the vehicle driven by Hicks, and Hicks "sped off." Hicks dropped Range off locally, and Illinois toll records indicated that the vehicle then traveled to Chicago. Range told his mother what had happened and that Hicks was the "mastermind." Hicks was subsequently arrested in Illinois with two cell phones in his possession, including the phone used to call Royster to arrange the drug buy.
¶ 8 Hicks argues that this evidence was not sufficient for a rational jury to find that Hicks had aided and abetted the unidentified gunman in committing the attempted armed robbery. Specifically, Hicks contends that there was no evidence to show that Hicks knew there was going to be a robbery or that he intended to assist in its commission. Instead, Range was the person who spoke with Royster to arrange the drug buy, and the unidentified passenger was the person who pulled out the gun, demanded marijuana from Royster, and shot Royster during the struggle for the gun.
¶ 9 Hicks faces a high hurdle in convincing us to overturn the jury's verdict. See State v. Poellinger , 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990) ("[A]n appellate court may not reverse a conviction unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt.").
¶ 10 To support his argument that the evidence was insufficient, Hicks points to two decisions, one state and one federal. See State v. Rundle , 176 Wis. 2d 985, 500 N.W.2d 916 (1993) and Piakowski v. Casperson , 126 F. Supp. 2d 1149 (E.D. Wis. 2001), aff'd , 256 F.3d 687 (7th Cir. 2001). In Rundle , the defendant was convicted of aiding and abetting his wife's abuse of their child, based solely on the fact that the defendant was present during some of the abuse and failed to intervene. See Rundle , 176 Wis. 2d at 992-93. Our supreme court affirmed the court of appeals' reversal of the defendant's conviction, determining that "[t]he record does not support a finding that the defendant in any way conveyed approval of or gave assistance to the commission of the criminal acts." Id. at 993-94. Similarly, in Piakowski , the Eastern District of Wisconsin granted habeas corpus relief to a petitioner who had been convicted of homicide as party to the crime. Piakowski , 126 F. Supp. 2d at 1150-51. The court explained that " 'mere presence and ambivalent conduct' at the scene of a crime does not prove that a defendant is a conspirator or an aider and abetter." Id. at 1154 (quoted source omitted).
¶ 11 However, unlike the cases on which Hicks relies, the evidence in the present case goes well beyond Hicks's mere presence or ambivalent conduct. As explained above, the evidence showed that Hicks arranged the drug buy from Royster, dialing the number himself and then giving his phone to Range to do the talking. Hicks also drove Range and the shooter to the drug buy, and then fled the scene with the shooter. All of this evidence is sufficient to support a finding that Hicks intentionally aided and abetted the attempted armed robbery, as required by WIS. STAT. § 939.05(2)(b). The fact that the vehicle traveled to Chicago immediately after the shooting is particularly strong evidence of guilt. See State v. Quiroz , 2009 WI App 120, ¶ 18, 320 Wis. 2d 706, 772 N.W.2d 710 ("The fact of an accused's flight is ... circumstantial evidence of consciousness of guilt and thus of guilt itself.").
¶ 12 In addition, Hicks incorrectly asserts that there was no evidence to suggest that Hicks was aware of a plan to rob Royster. To the contrary, Range admitted that he told his mother that Hicks was "the mastermind behind this whole incident." The fact that Range referred to Hicks as "the mastermind" is evidence from which a jury could infer that Hicks was "a party to a conspiracy with another to commit" the armed robbery, and that Hicks "advise[d], ... counsel[ed] or otherwise procure[d] another to commit" the crime, which gives rise to party to a crime liability under WIS. STAT. § 939.05(2)(c). Hicks tries to minimize the significance of this testimony, arguing that Range never explained why he had referred to Hicks this way. However, "a reviewing court may overturn a verdict on grounds of insufficiency of the evidence only if the trier of fact could not possibly have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt." State v. Watkins , 2002 WI 101, ¶ 68, 255 Wis. 2d 265, 647 N.W.2d 244. Here, the jury could have drawn an appropriate inference of guilt from the fact that Range initially referred to Hicks as the mastermind behind the incident.
¶ 13 In sum, the evidence was sufficient to support party to a crime liability for attempted armed robbery under either WIS. STAT. § 939.05(2)(b) or (c). "[F]elony murder liability exists if a defendant is party to one of the listed felonies from which a death results." State v. Krawczyk , 2003 WI App 6, ¶ 24, 259 Wis. 2d 843, 657 N.W.2d 77. In turn, armed robbery is listed as one of the crimes or attempted crimes that gives rise to felony murder liability under WIS. STAT. § 940.03. We therefore reject Hicks's argument that the evidence was insufficient to support his felony murder conviction.
The Circuit Court Did Not Err In Admitting The Photographs Of Hicks With The Gun And Marijuana
¶ 14 We now turn to Hicks's claim that the circuit court erred in admitting the still photographs showing Hicks with what appears to be a gun, gun magazine, and marijuana. The parties agree that these photographs were evidence of other acts, which is "not admissible to prove the character of a person in order to show that the person acted in conformity therewith." WIS. STAT. § 904.04(2)(a). However, such evidence may be admitted "when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. Admission of other acts evidence is within the discretion of the circuit court. See State v. Davidson , 2000 WI 91, ¶¶ 38-39, 236 Wis. 2d 537, 613 N.W.2d 606. We review the circuit court's decision for erroneous exercise of discretion. State v. Marinez , 2011 WI 12, ¶ 17, 331 Wis. 2d 568, 797 N.W.2d 399.
¶ 15 Our supreme court has established a three-part test to determine whether evidence of other acts can be admitted. See State v. Sullivan , 216 Wis. 2d 768, 772-73, 576 N.W.2d 30 (1998). First, the circuit court must determine whether the evidence is offered for a permissible purpose, as set forth in WIS. STAT. § 904.04(2). Sullivan , 216 Wis. 2d at 772. Second, the court must determine whether the evidence is relevant. Id. Third, the court must determine whether the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Id. at 772-73 (citing WIS. STAT. § 904.03 ).
¶ 16 Here, addressing the first step of the analysis, the circuit court determined that the photographs showing Hicks with a gun and gun magazine were admitted for the proper purpose of showing that Hicks had the means to commit the armed robbery. Likewise, the photographs showing Hicks smoking marijuana were admitted for the proper purpose of showing that Hicks had a motive for being involved in a plan to rob Royster of marijuana. Regarding the second step in the analysis, the court determined that the fact that the video showed Hicks with a gun and marijuana eight days before the shooting was relevant to the crime. Turning to the third step, the court concluded that the still photographs were not "substantially prejudicial." The court explained that the main concerns with the video were the potentially prejudicial effect of the music and the gang signs, but that this prejudicial effect was minimized by using still photographs instead of playing the video. Accordingly, the court concluded that Hicks had not satisfied his burden of demonstrating that the probative value of the evidence was outweighed by the danger of unfair prejudice.
¶ 17 Hicks argues that the circuit court erroneously exercised its discretion in admitting this evidence. In particular, Hicks contends that the circuit court erred when it relied on State v. Hereford , 195 Wis. 2d 1054, 537 N.W.2d 62 (Ct. App. 1995), to determine that the still photographs were admitted for a proper purpose. Like the present case, the question in Hereford was whether other acts evidence relating to the defendant's possession of a gun should be admitted in a murder trial. Id. at 1063. We concluded that the other acts evidence was admitted for a proper purpose, namely to show that the defendant had the means to commit the murder. Id. at 1069-70. Hicks argues that Hereford is inapposite because the defendant in Hereford was charged with the shooting, and there was ample evidence to tie the defendant to the gun immediately before and after the shooting. Id. at 1063. In contrast, Hicks was not the shooter, and the photographs excerpted from the video were the only evidence to connect Hicks to the possible murder weapon. Hicks contends that the connection to the murder weapon is particularly weak in his case, because the State did not even establish conclusively that the gun in the video is a real gun. Accordingly, Hicks argues that the photographs were irrelevant and should not have been admitted.
¶ 18 We disagree. Evidence is relevant if it relates to a fact that is of consequence to the litigation and makes that fact more or less probable than it would be without the evidence. WIS. STAT. § 904.01. Here, whether Hicks had the means and motive to help carry out the armed robbery are both facts of consequence to Hicks's involvement in the crime. Moreover, evidence that Hicks was in possession of what appeared to be a semiautomatic handgun and was smoking marijuana eight days earlier makes it more probable that Hicks had the means and motive to help carry out an armed robbery for marijuana. The probative value of this evidence is bolstered by testimony from a police officer that the gun in Hicks's video appears to be a semiautomatic firearm, as well as eyewitness testimony that the shooter used a semiautomatic firearm that resembled the gun in Hicks's video. For these reasons, we agree with the circuit court that the photographs were admitted for a proper purpose and were relevant to that purpose.
¶ 19 Hicks also argues that the circuit court erred at the third step of the analysis, when it determined that the probative value of the photographs was not outweighed by substantial prejudice. Hicks must convince us that this was "a decision that no reasonable judge, acting on the same facts and underlying law, could reach." See State v. Payano , 2009 WI 86, ¶ 97, 320 Wis. 2d 348, 768 N.W.2d 832 (quoted source omitted). Hicks argues that the photograph showing him pointing the gun at the camera was especially scary and designed to inflame the jury. Hicks further contends that the prejudicial effect of these photographs outweighs any probative value, given the absence of any evidence that the gun in the video was connected to the murder.
¶ 20 Hicks has the burden of demonstrating that the probative value of the photographs was "substantially outweighed by the danger of unfair prejudice." Marinez , 331 Wis. 2d 568, ¶ 41 (explaining that the defendant has the burden of persuasion on this issue). However, Hicks does not explain why the photograph showing him smoking marijuana was not probative, and Hicks's argument regarding the gun ignores the testimony, described above, that connected the gun in the video to the gun used in the attempted armed robbery.
¶ 21 Hicks further contends that these photographs led the jury to improperly conclude that that Hicks "somehow" gave the gun to the unknown shooter on the day of the murder, based solely on the fact that Hicks had a gun eight days before the shooting. We can easily reject this argument. Here, the testimony at trial established that Hicks drove the unidentified shooter to the crime scene, which afforded Hicks ample opportunity to give his gun to the shooter. This is a proper basis from which the jury could infer that the gun that Hicks had displayed in the video eight days earlier was the same gun used in the armed robbery. Accordingly, we agree with the circuit court that Hicks did not satisfy his burden of demonstrating that the probative value of this evidence was substantially outweighed by the risk of unfair prejudice.
¶ 22 We therefore conclude that the circuit court properly admitted the three still photographs excerpted from the video found on Hicks's phone.
CONCLUSION
¶ 23 For the foregoing reasons, we affirm the judgment of conviction.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Hicks was also charged with, and convicted of, attempted possession of THC. Hicks appeals only his felony murder conviction.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.